UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL CLINEBELL,

        Plaintiff,                        Civil No. 05-6325-HA

        V.                          OPINION AND ORDER

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, Chief Judge:

      Plaintiff Daniel Clinebell brought this action pursuant to 42 U.S.C. § 405(g) of the Social

Security Act (the Act). Plaintiff requests review of a final decision by the Commissioner of the

Social Security Administration (SSA) denying his application for Social Security Disability

Insurance Benefits (DIB).  He seeks an order reversing the Commissioner's decision that plaintiff

is not disabled, and remanding his case for an award of benefits.  After reviewing the record of

---

[1]    On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and he is
substituted in these proceedings as such.  42 U.S.C. § 405(g); Fed. R. Civ. P. 25 (d)(1).

1  -- OPINION AND ORDER

this case fully, this court concludes that the Commissioner's decision must be remanded for further proceedings.

## ADMINISTRATIVE HISTORY

Plaintiff applied for DIB on October 23, 2001, with a protective filing date of September 26, 2001. The claim was denied on initial consideration and again on reconsideration. Plaintiff was granted a hearing at which he was represented by counsel. Testimony was given by plaintiff's wife and by a vocational expert (VE) called by the Administrative Law Judge (ALJ). The ALJ found that plaintiff was not disabled and denied plaintiff's claim for DIB. The Appeals Council declined to grant plaintiff's request for review. This decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff subsequently filed a Complaint seeking this court's judicial review.

## FACTUAL BACKGROUND

Plaintiff was born on June 18, 1954. Plaintiff alleges disability with an onset date of May 5, 1997. Tr. of Admin. R. (hereinafter, Tr.) at 76. Plaintiff's disability insured status expired on March 31, 2002.

Plaintiff completed one year of college and did on-the-job training to work with computers and printers. His former work experience included computer telephone support and computer sales. Tr. 92.

Plaintiff alleges disability from failed back syndrome, chronic pain, complex regional pain, dysthymic disorder, depression, personality disorder, pain disorder associated with medical and psychological features, panic disorder, antisocial personality traits, narcissistic personality

disorder, transient osteoporosis, reflex sympathetic dystrophy, spondylosis, spondylolisthesis, kyphoscoliosis and fatigue.  Tr. 189-90, 193, 207, 219, 308, 368, 390, 442, 445.

## STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.  If not, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA.  20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.  If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the

impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability. However, in the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

4  -- OPINION AND ORDER

*Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720-21.

## SUMMARY OF THE ALJ'S FINDINGS

At Step One of the five-step analysis used by the Commissioner, the ALJ found that plaintiff had not engaged in SGA since the alleged onset of disability. Tr. 24.

At Step Two, the ALJ found that plaintiff's combined impairments were severe, including low back pain, narcissistic personality disorder, and substance abuse or dependence. *Id.*

At Step Three, the ALJ found that plaintiff's impairments were not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. *Id.*

At Step Four, the ALJ found that plaintiff was unable to perform past relevant work and that his RFC allowed sedentary level physical activities, compromised by exertional and non-exertional limitations.  Tr. 25.

At Step Five, after determining that plaintiff's RFC allowed a "significant range of sedentary work," and eliciting testimony from the VE in which the VE identified jobs that plaintiff could perform, including electronics worker, circuit board assembler, and optical goods assembler, the ALJ concluded that plaintiff was not disabled as defined in the SSA.  *Id.*

## QUESTION PRESENTED

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to alleged errors by the ALJ.  Primarily, plaintiff challenges the ALJ's interpretation of and reliance upon the testimony of the VE in concluding that plaintiff could perform work in the national economy.  Although plaintiff asserts a variety of other alleged errors, this court concludes that the ALJ's decision fails to provide specific enough findings of fact regarding the claimant's residual functionality, or adequate inferences drawn from the context of the expert's testimony to justify deviations from applicable standards that occurred and that are discussed below.  Accordingly, this case must be remanded for further proceedings and plaintiff's other arguments need not be reached.

## ANALYSIS

Plaintiff argues that the ALJ erred by relying upon the VE's testimony at the Step Five analysis.  Specifically, plaintiff contends that although the VE acknowledged that her testimony deviated from the United States Department of Labor's Dictionary of Occupational Titles (DOT), the VE and the ALJ in his subsequent decision failed to explain the deviation adequately.

Defendant concedes that a VE and an ALJ "must adequately explain such deviations."  Df.'s Mem. in Opp. at 12 (citing Social Security Ruling ((SSR)) 00-4p, available at 2000 WL 1898704, at *3-4).

This is true.  In determining whether appropriate jobs exist for the claimant, an ALJ generally refers to the DOT.  *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990).  An ALJ "may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation."  *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  "Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony."  *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (citations omitted).

There is no dispute that the ALJ concluded that plaintiff was limited to performing sedentary work.  Df. Mem. at 5 (citing Tr. 22, 25).  The ALJ determined that plaintiff could lift and carry ten pounds occasionally and frequently, stand or walk two out of eight hours, and sit six out of eight hours.  Tr. 22.  Plaintiff could not work with ladders, ropes, or scaffolds, but could occasionally balance and climb ramps or stairs.  *Id*.  Mentally, he could perform routine, repetitive work with occasional public contact.  *Id*.

At the hearing the ALJ posed a hypothetical question to the VE, asking her to assume that a person had these limitations, and was plaintiff's age with plaintiff's education and experience.  The ALJ asked the VE to identify any jobs that such a person could perform.  Tr. 687-88.  The VE testified that such a person could be employed as an "electronics worker."  Tr. 688-89.  The vocational expert acknowledged that the DOT classified an electronics worker as a

"SVP 2" but the VE testified that she was "going to veer from the DOT on this" and describe the job as a "sedentary to light" unskilled occupation. Tr. 689. During further examination the VE suggested briefly that the job possibly was classified by DOT as "light" because of its high production pace. Tr. 690-91.

Defendant asserts that the VE's deviation from a sedentary to a light occupation was rational because regardless of whether the ALJ indicated that plaintiff could perform at the pace required by light work, the ALJ concluded that plaintiff could perform routine, repetitive work. Df.'s Mem. at 12. As to the challenged sufficiency of the explanation for the deviation, defendant notes merely that the VE "testified such a person could perform the electronics worker job" and the ALJ "properly relied" on this testimony. *Id*.

The VE also identified the occupations of "circuit board assembler" and "optical goods assembler" as appropriate "sedentary, unskilled jobs" that could be performed within the parameters of the hypothetical question presented. Tr. 689. In response to plaintiff's challenge, defendant merely concedes that "the Commissioner has not found such sedentary, unskilled jobs in the DOT." Df.'s Mem. at 12.

This falls below the standards required for relying upon a deviation. As noted, "in order for an ALJ to rely on a job description in the Dictionary of Occupational Titles that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). The ALJ's decision fails to provide specific enough findings of fact regarding the claimant's residual functionality, or adequate inferences drawn from the context of the expert's testimony to justify the acknowledged deviation.

As a result of the inadequacies regarding the evaluation of the VE's deviation, this court concludes that a remand is appropriate in this matter. The United States Supreme Court has recognized two kinds of remands permitted under 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-03 (1991). A court may issue what is referred to as a "sentence four" remand in instances in which the Commissioner has erred in its prior consideration of the claimant's application for benefits. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Under a "sentence six" remand, by contrast, the court may remand without making a determination as to the "correctness of the Secretary's decision." *Id*. (citing *Melkonyan*, 501 U.S. at 100).

Whether to remand under sentence four is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id*. In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves. *Id*.

The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman*, 211 F.3d at 1179. In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and this court exercises its discretion to remand this case for additional administrative proceedings addressing plaintiff's alleged disabilities and RFC to perform work.

Upon remand, the ALJ is instructed to evaluate plaintiff's medical evidence in support of his alleged limitations, conduct a hearing at which plaintiff is permitted to present witnesses, refer to and submit into the record all testimony that has been presented already on his behalf, and give full consideration to all medical evidence and lay witness testimony submitted in support of plaintiff's application. The ALJ shall provide adequate explanations establishing that all medical and expert testimony presented was evaluated in full accord of applicable laws and agency standards.

## **CONCLUSION**

This court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner must be reversed and remanded for further proceedings consistent with this Opinion and Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this ___30____ day of March, 2007.


_____/s/___Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge

10  -- OPINION AND ORDER